# In the United States Court of Federal Claims

No. 12-727C
(Filed: August 12, 2013)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **CANDIDA M. PEREZ,** | * | RCFC 12(b)(1); subject matter jurisdiction; |
| | * | Back Pay Act, 5 U.S.C. § 5596. |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **THE UNITED STATES,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

In this case, Plaintiff Candida Perez ("Perez") seeks back pay based on an allegation that the United States (the "Government") has not paid her at the appropriate rate for the past several years. The Government moves to dismiss the Complaint for lack of subject matter jurisdiction. For the reasons that follow, the Government's motion is GRANTED.

In addition, while the motion to dismiss was pending, Perez moved for leave to amend her Complaint. This motion was precipitated by a reference in the motion to dismiss to a single paragraph in Perez's Complaint. This motion is DENIED for the reasons explained below.

## I.     Background[1]

Perez was hired by U.S. Customs and Border Patrol ("CBP") in October of 1997. Compl. at ¶6. Perez's current position is in the job series GS-0303, where her title is CBP Clerk. She holds a GS-5 pay grade. Perez alleges that "on or around June 6, 2006," she was "[re-]classified as a CBP Technician," job series GS-1802. *Id.* at ¶ 5.[2] This CBP Technician position is evidently supposed to be paid at a GS-7 grade. Because Perez is paid as a GS-5, she claims that

---

[1] This factual background is limited to the facts in the Complaint. Additional facts derived from the evidence will be discussed below.

[2] The Complaint appears to have a typographical error as the paragraphs are labeled 1, 2, 3, 4, 5, 6, 5, 6, 7, etc. This reference comes from the second paragraph 5, or the 7th paragraph from the beginning of the Complaint.

the alleged reclassification to GS-7 entitles her to "the back pay for the position owed since 2007 [which] is in excess of $76,000.00." Compl. at ¶10.[3]

## II.     Standard of Review

A motion brought pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") challenges the Court's subject matter jurisdiction. *See* RCFC 12(b)(1). When faced with a motion to dismiss for lack of subject matter jurisdiction, a court must assume that all undisputed facts alleged in the complaint are true, and it must draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

Pursuant to the Tucker Act, 28 U.S.C. § 1491, this Court maintains jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. §1491(a)(1). The Tucker Act itself does not create a substantive cause of action, which means that "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in part). "In the parlance of Tucker Act cases, that source must be 'money-mandating.'" *Id.* (citations omitted).

## III.    The Government's Motion to Dismiss

Because the Complaint is not particularly clear, the Court first takes a moment to address the allegations raised therein. As described above, the gist of the Complaint is that Perez believes that she is entitled to higher pay because of a promotion or reclassification to a higher pay grade. This leaves the Court with the conclusion that there are only two possible ways to read the Complaint: either Perez is requesting that she be awarded a reclassification, or she believes she *has* been reclassified and she is requesting backpay for the raise that she never received. The Court cannot determine which on the basis of the Complaint alone.

Because it is not the Court's duty to make out a plaintiff's case for her—that's what her attorney is supposed to be for—it limits its analysis to those possible sources of substantive law identified by the Government in its opening brief. It limits its analysis thusly because Perez had the opportunity to respond directly to the Government's arguments on its motion *to dismiss*, but instead of responding to those arguments, she provided the Court with a regurgitation of the Government's facts and a disposition on *summary judgment* standards. If Perez cannot offer an explanation and basis for her claim, the Court will not go out of its way to attempt to do so for her.

---

[3] It is unclear from the Complaint whether Plaintiff seeks back pay starting on June 6, 2006—the date at which she claims she was promoted—or 2007, which appears to have no legal significance in this case. Paragraph 1 of the Complaint further muddles the issue by stating that "Plaintiff is a current employee [of CBP] and is seeking wages/salary for the last 5 six [sic] years."

The possible sources of substantive law identified by the Government are the Civil Service Reform Act ("CSRA") and the Back Pay Act. The former relates to the first reading—the request that Perez be awarded a reclassification—and the latter to the other reading.

### a. The Court Lacks Jurisdiction Over Perez's CSRA Claim

Insofar as the Complaint may be read to state a claim under the CSRA, the Court plainly lacks jurisdiction. The Supreme Court has observed, in a very similar context, that "one is not entitled to the benefit of a position until [s]he has been duly appointed to it." *United States v. Testan*, 424 U.S. 392, 402 (1976). Because this reading of the Complaint would require the *Court* to award Perez the reclassification, it necessarily follows that she was not appointed to the position in the first place and is therefore not entitled to the associated benefits. In any event, Perez waived this claim in her response. *See* Resp. at 4 ("The Plaintiff here seeks pay for her correct and earned series and grade, not redress seeking a 'reclassification.'").

### b. The Court Lacks Jurisdiction Over Perez's Back Pay Act Claim

#### i. Perez Must Demonstrate Appointment to the GS-7 Position

*Testan* also has something to say on the topic of Perez's Back Pay Act claim. In its analysis of the respondents' Back Pay Act arguments, the Supreme Court noted that the Act did not override or depart from the previously-mentioned rule that a "federal employee is entitled to receive only the salary of the position to which [s]he was appointed." *Testan*, 424 U.S. at 406. Thus, the Court concluded that the Act only granted a monetary basis for relief to those who suffered "a *reduction* in their duly appointed emoluments or position." *Id.* at 407 (emphasis added). In essence, the Court of Claims lacked jurisdiction because the Back Pay Act only becomes money-mandating when a claimant has actually received a promotion or other benefit, such that the deprivation of that promotion or benefit has been unlawfully withheld.

What this means in the present context is simple: the key jurisdictional fact here—that fact which renders the Back Pay Act money-mandating—is whether Perez was appointed to a position which entitled her to greater pay than she was actually given. Put in the language of her Complaint, the question is whether her position was reclassified from CBP Clerk to CBP Technician, which would result in a pay grade change from GS-5 to GS-7. She has alleged that the job was and the Government has disputed that position. The Court, therefore, turns its attention to this issue.

#### ii. Perez Has Failed to Present Evidence Sufficient to Sustain Jurisdiction

Although a court presented with a motion to dismiss for lack of jurisdiction must assume that all undisputed allegations in the Complaint are true, *see Rhodes*, 415 U.S. at 236, that assumption does not control all cases. In fact, there are two kinds of jurisdictional challenge: facial and factual. A facial challenge to jurisdiction is one in which the Court accepts as true the allegations of a complaint, and considers its power to entertain suit in light of those allegations. *See Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). For example, this

3

Court may accept as true all of the allegations of a tort claim, but it still lacks jurisdiction to hear the case.

Alternatively, a factual challenge to jurisdiction is one in which the Court need not accept as true the facts alleged by a plaintiff in support of jurisdiction. First, the party challenging jurisdiction need only challenge the plaintiff's allegations; it need not present evidence controverting the jurisdictional allegations. *Id.* at 1584. Then, because the party seeking to invoke the Court's jurisdiction bears the burden of establishing that jurisdiction, *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936), the non-movant (plaintiff) must come forward with evidence in support of jurisdiction; allegations alone are insufficient at this stage. *Cedars-Sinai*, 11 F.3d at 1584. The plaintiff must demonstrate jurisdiction by a preponderance of evidence. *Reynolds v. Army and Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (a court may demand, in order to establish jurisdiction, "that the party alleging jurisdiction justify his allegations by a preponderance of evidence.").

Here, the Government presents a factual challenge to the Court's jurisdiction: it asserts that Perez is factually incorrect in her allegation that her position was reclassified from CBP Clerk to CBP Technician. The Government takes the position that Perez has never been appointed to a position at the GS-7 grade level. Faced with this factual challenge to the Court's jurisdiction, Perez may no longer rest on her allegations, but she must instead present preponderant evidence in support of jurisdiction.

Perez submitted an affidavit and exhibit with her response to the Government's motion. Her affidavit states that, in 2010—during a search for her lost badge/credentials—she saw her status listed as "Series 1802" on a computer. Perez Aff. at ¶ 3. Series 1802 corresponds to her alleged reclassification to a CBP Technician GS-7. Perez also attests that she knows of six other CBP Clerks who were reclassified to CBP Technicians. *Id.* at ¶¶ 4-5. Based on these "facts," she concludes that "I should be paid as a 1802 GS-7 CBP Technician." *Id.* at ¶ 6. Conspicuously absent from her notarized affidavit is a statement that she was ever *actually* promoted to a GS-7, or that her position was ever *actually* reclassified to GS-7.

Exhibit A of the affidavit is a document labeled "CBP Form 56." This form carries the heading "Badge/Credential Request." The form lists Perez's title as "C.B.P. Technician," and her job series as GS-1802. The form references an "Authorizing Official or Point of Contact" named Marlon Hernandez. Everything on the form is type-written, and there are no signatures—Perez's or otherwise. This form is evidently one of the documents she saw on the computer when she lost her credentials.

The Government has submitted, either as exhibits to its opening brief or to its reply, substantial evidence that overwhelmingly refutes Perez's position. First, the declaration of Benjamin Badie, a CBP Human Resources Specialist, explains that it is possible that Perez did see her job listed as GS-1802 on the Customs Overtime Scheduling System ("COSS") because COSS may contain job series and pay rate errors that don't affect an employee's actual status. Badie Decl. at ¶ 2. Instead, he explains that Standard Form 50 ("SF-50") is the Government form that officially records personnel and pay actions, such as promotions, within grade

4

increases, or changes to lower grade. *Id.* at ¶ 3. Badie highlights several incorrect recordings in the COSS system that state that Perez received a GS-7 grade, but he also observes that contemporaneous SF-50 forms reflect that Perez was a GS-5 at those times. The Government has also submitted *numerous* SF-50 forms that demonstrate that Perez was never given a promotion or reclassification to GS-7.

Next is the declaration of Lynnette Abbott, an HR supervisor, who states that Marlon Hernandez—the Authorizing Official on Perez's CBP Form 56—was the Local Property Officer where Abbott and Perez worked. Abbott states that CBP Form 56 is either completed independently by the employee (Perez) or based on information provided by the employee. Abbott Decl. at ¶ 2. Thus, the Abbott declaration establishes that the CBP Form 56 does not demonstrate that Perez was actually promoted or reclassified; instead, CBP Form 56 only shows that Perez once claimed that she was.

Finally, while the Government could have made the simple observation that whatever happened to the six employees identified by Perez is irrelevant to Perez's actual employment status, it has gone the extra yard and submitted the declaration of Amanda Nadeau to rebut Perez's claim that six other clerks were reclassified to the 1802 series. Of the six people referenced by Perez, only three began in the GS-0303 series in which Perez is also classified. Of those three, only one wound up in the GS-1802 series and he was not reclassified. Instead, he applied to a public notice vacancy announcement and received the appointment in that manner. *See* Nadeau Decl. at ¶ 3. Thus, the only person who followed the path to which Perez claims entitlement did so by affirmatively applying for a job *different* from the one he shared with Perez.

All told, Perez has failed abysmally to meet her burden. The Court finds it very telling that Perez does not claim to have been promoted or reclassified in her notarized affidavit. The only piece of *actual* evidence produced by Perez is the CBP Form 56 (her affidavit just repeats her allegations with additional detail), and the Government has adequately demonstrated that document's irrelevance to the question of whether Perez was actually promoted or her position reclassified. Moreover, after fully rebutting the only piece of evidence presented by Perez, the Government went above and beyond its burden by presenting evidence that disproved every other jurisdictionally relevant allegation or assertion made by Perez in her Complaint or her affidavit. The evidence shows that Perez was never promoted and that her position was never reclassified to a higher pay grade. As such, she cannot be entitled to backpay and this Court lacks jurisdiction over her claim.

## IV. Perez's Motion to Amend

While the Government's motion to dismiss was pending, Perez filed a motion for leave to amend her Complaint. The motion notes that "Para. #3 [of the original Complaint] states in part that 'venue' lies in Federal District Court in Miami Dade County. [This] was alleged in error and constitutes a clerical error." Pltf Mot. at ¶ 2. The error was a relic from previous drafts of the Complaint. *Id.* The Government filed its Answer and "the Anser [sic] did not alert the Plaintiff of the scrivener's error." Perez claims that the Government's motion to dismiss "addressed Para. # 3, in a substantive way and it would unduly prejudice the Plaintiff, if a

scrivener's error caused her claim to be dismissed." *Id.* at ¶ 3. The motion stated that Perez's counsel had conferred with the Government's counsel and that the Government did not oppose the motion.

Although the Government's attorney stated that she had not conferred with Perez's attorney on the issue, she did not oppose the amendment referenced in the motion to amend—i.e., to correct the statement of venue. The Government maintained, however, that even with the correct statement, the Court lacks jurisdiction over Perez's Complaint.

Rather than granting the motion to amend and effectively teeing up another motion to dismiss that was identical in substance to the one now before the Court, the Court withheld its judgment on the motion to amend pending its final decision on the motion to dismiss. In the end, this decision proved wise: Perez's Complaint suffers from a jurisdictional infirmity that will not be cured by the superficial step of modifying her statement of venue. The Court lacks jurisdiction over her claim, regardless of where she states that venue lies, and any amendment would prove futile. Because the Court lacks jurisdiction over the action and amendment will not cure that lack, the Court denies Perez's motion to amend.

## V.     Conclusion

For the foregoing reasons, Perez's motion to amend is DENIED and the Government's motion to dismiss is GRANTED, and Perez's claim will be dismissed without prejudice. The Clerk is directed to enter judgment accordingly.

s/ Edward J. Damich
EDWARD J. DAMICH
Judge

6